IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ELIZABETH DAWN WILSON,           )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-17-239-RAW-KEW
                                 )
COMMISSIONER OF SOCIAL           )
SECURITY ADMINISTRATION,         )
                                 )
            Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Elizabeth Dawn Wilson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 43 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a janitor, library assistant, teacher's aide, nursery school attendant, general clerk, office manager, and customer service representative. Claimant alleges an inability to work beginning October 25, 2014 due to limitations resulting from back problems and associated pain.

### Procedural History

On April 2, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 30, 2016, Administrative Law Judge ("ALJ") Deidre O. Dexter conducted an administrative hearing in Tulsa, Oklahoma. On May 12, 2016, the ALJ issued an unfavorable decision. On April 24, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work.

### Error Alleged for Review

Claimant asserts the Appeals Council improperly rejected medical records it received after the administrative hearing. She also contends the ALJ erred in (1) evaluating the evidence supporting a finding of disability; and (2) analyzing the work release form provided by Dr. Boone.

### Consideration of Medical Records Submitted to Appeals Council

Claimant submitted two documents for consideration by the Appeals Council on review – (1) a treatment note authored by Dr. R. Tyler Boone from May 13, 2016; and (2) a treatment note from Dr. Boone dated September 9, 2016.  The Appeals Council stated that it "looked at the medical evidence Dr. Tyler Boone . . ." but that the "new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before May 12, 2016."  (Tr. 2).

The Social Security regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision.  Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004).  Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review."  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).  "Evidence is new within the meaning of [404.970(b)] if it is not duplicative or cumulative." Id. quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).  "Evidence is material to the determination of disability 'if there is a reasonable possibility that [it] would have changed the outcome.'" Id.

The evidence is certainly new as it includes the interpretation of testing not previously contained in the record.

5

The Appeals Council specifically rejected the new evidence because it was not chronologically relevant to the date of Claimant's disability. Dr. Boone's treatment note of May 13, 2016 relates to his interpretation and assessment of a CT scan and MRI scan from April 15, 2016. This evidence is chronologically relevant because it pertains to testing performed during the relevant period. In contrast, Dr. Boone's treatment note dated September 9, 2016 relates to testing performed on that date and, therefore, cannot be considered chronologically relevant. The May 13, 2016 note, however, is not material as no reasonable possibility exists that the evidence would change the outcome of this case. Dr. Boone reviewed by the CT scan and MRI scan and found no loosening hardware, abundant bone graft from which to obtain fusion, consolidated interbody spacers, and no halo formation. The MRI showed post fusion changes at L4-S1 and mild facet disease at L2-3 and L3-4 but no significant junctional stenosis. None of these findings would have altered the result in this case.

### Evaluation of the Record

In her decision, the ALJ found Claimant suffered from the severe impairment of degenerative disc disease for the lumbar spine, status-post fusion. (Tr. 21). She concluded Claimant retained the RFC to perform sedentary work except that she was able

to lift, carry, push, or pull up to five pounds frequently and up to ten pounds occasionally; able to sit for up to six hours in an eight hour workday; able to stand and/or walk up to two hours in and eight hour workday; able to occasionally stoop or crouch; should never kneel or crawl; and able to occasionally climb ramps or stairs; should never climb ladders, ropes, or scaffolds. (Tr. 22).

After consultation with a vocational expert, the ALJ determined Claimant could perform her past relevant work as a customer service representative and office manager. (Tr. 25). Alternatively, the ALJ found Claimant could perform the representative jobs of call-out operator, food and beverage order clerk, and addresser, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 26). As a result, the ALJ concluded Claimant had not been under a disability from October 25, 2014 through the date of the decision.

Claimant contends the ALJ improperly rejected the testimony presented at the administrative hearing of a lay witness, Donna Gail Kornegay, the Human Resources manager at Komar Distribution where Claimant was employed as a customer service representative. Ms. Kornegay testified that she observed Claimant at work on almost

a daily basis. Claimant worked for Komar Distribution beginning in 2011 and was terminated in April of 2015. Claimant injured her back and was off work for an extended period in 2014. Claimant returned to work in January of 2015 but had to take off again because she was having trouble sitting up at her desk. (Tr. 40-41). Ms. Kornegay testified Claimant was attempting to do her job down on her knees. She stated 98% of Claimant's job required her to sit at her desk in a chair and talk on the telephone to customers and put documentation into the computer. (Tr. 41). Ms. Kornegay called Claimant into her office and told her she needed to return to her doctor as she could not sit at her desk and perform her job. Id. She observed Claimant was in a lot of pain and had trouble sitting in a chair in Ms. Kornegay's office. (Tr. 42). Before her injury, Claimant was considered a very good customer service rep, according to Ms. Kornegay, and she would be rehired if she were able to perform her job duties. (Tr. 44-45). Standing on a long term basis was not an option for Claimant's job because of the cubicles in which the job was performed. Sitting was required. (Tr. 45).

In her decision, the ALJ stated that she considered Ms. Kornegay's testimony. She concluded that "[w]hile it was presented with good intention, I must determine the issue of disability based on the credible medical evidence and the degree to which claimant's subjective complaints are consistent with the objective medical

evidence. . . . Thus, I have not afforded significant consideration or weight to the lay statements." (Tr. 24).

Soc. Sec. R. 06-03p notes that in deciding disability, the regulations require the Commissioner to consider medical and other evidence. 20 C.F.R. §§ 404.1512, 404.1513, 416.912, 416.913. Evidence to be considered includes opinion evidence from "acceptable medical sources," from "other" medical sources, from "non-medical sources" who have contact with the claimant in their professional capacity, and from "other" nonmedical sources such as spouses, parents, friends, and neighbors. The ruling acknowledges the regulatory factors set forth at 20 C.F.R. §§ 404.1527(d) and 416.927(d) for evaluating "medical opinions" provided by "acceptable medical sources," and recognizes that those "factors represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources,' such as teachers and school counselors, who have seen the individual in their professional capacity." The ruling does not require application of the regulatory factors for weighing medical opinions to the ALJ's consideration of the opinions of "other" non-medical sources such as spouses, parents, friends, and neighbors. It specifically explains that when "considering evidence from 'non-medical sources' who have not seen the individual in a professional capacity in connection with their impairments,

9

such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." Soc. Sec. R. 06-3p.

In the Tenth Circuit, an ALJ is not required to make specific, written findings regarding each lay witness's opinion when the written decision reflects that the ALJ considered the testimony. Blea v. Barnhart, 466 F.3d 903, 914-15 (10th Cir. 2006); Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996). In Adams, the court "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony." Id. The Adams court found "that the ALJ considered the testimony of claimant's wife in making his decision because he specifically referred to it in his written opinion," and the court found no error in the ALJ's failure to make specific, written findings regarding that testimony. Id. The Tenth Circuit has since confirmed the rule that an ALJ is not required to make specific written findings regarding third-party testimony so long as the written decision reflects that the ALJ considered that testimony. Blea, 466 F.3d at 915.

The ALJ adequately considered Ms. Kornegay's testimony. She

was not required to make any further findings than the fact she considered the testimony. She also provided a legitimate basis for giving the testimony reduced weight. No error is attributed to this consideration.

Claimant also challenges the manner in which the ALJ considered the records of Select Physical Therapy. (Tr. 393-457). The ALJ acknowledged that Claimant received physical therapy treatment from December of 2015 to February of 2016 but noted she canceled her appointments on February 19 and 23, 2016. (Tr. 24). Claimant contends the ALJ should have considered the Oswestry Disability Index contained in the therapist's records which ranged in Claimant's case between 50 and 66 percent. (Tr. 394, 396). The Oswestry Disability Index is the most commonly used outcome-measure questionnaire for low back pain in a hospital setting. It is a self-administered questionnaire divided into ten sections designed to assess limitations of various activities of daily living. *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2647244/. The testing allows a patient suffering from low back pain to subjectively record their pain levels during various activities. It is not an objective medical opinion. As such, the same information is reported by the ALJ in the consideration of Claimant's subjective testimony. The ALJ addressed Claimant's subjective complaints of pain within the decision and the effect upon her activities of daily living. (Tr.

11

23). No additional medical information was contained within the physical therapist's treatment records which should have been considered by the ALJ. Therefore, no error is found in the failure to discuss the Oswestry Disability Index scores.

### Consideration of Dr. Boone's Work Release

On August 24, 2015, Claimant's treating physician, Dr. Bradford Boone, executed a document entitled "Work Release" on which he checked two boxes which indicated Claimant was "released from work". (Tr. 484). The ALJ acknowledged the form in the record but gave it "little weight" because "it is not a specific assessment of the nature and severity of the claimant's impairments. Rather, it is an assessment of the claimant's ability to perform work, which is an opinion on an issue reserved to the Commissioner." (Tr. 23).

This Court agrees that the limited information contained on the "Work Release" form is only marginally an opinion at all, as it relates no time frame and no basis for the conclusion. Moreover, it exclusively addresses the issue of Claimant's ability to work which is a matter left to the province of Defendant. Castellano v. Sec'y of Health & Human Serv., 26 F.3d 1027, 1029 (10th Cir. 1994). As a result, the ALJ's consideration of Dr. Boone's "Work Release" was appropriate.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of July, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE